Read, J.,
dissenting. Whore a contract is entire and indivisible, and payment is to be made on complete performance, complete performance is a condition precedent, and suit can not be brought on part performance. But where the contract is capable of division, and its entirety has been destroyed by part performance, beneficial to the recipient, and accepted by him, the law implies a promise that he shall pay to the extent of the benefit received, and suit may be maintained upon such part performance, after the time has expired for the completion of the full contract. On such suit the defendant, to lessen the amount of the recovery, may prove any damage he may have sustained by breach *of the contract; and this, not upon the principle of set-off, but to show the extent of the benefit he has received, and for which the law holds him responsible. The right to reduce the recovery in this way, by proving damage, has its foundation in the very contract itself. Hence, if the damage were greater than the benefit, the defendant would not bo permi tted to recover the excess. He has the option to resort to his cross-action to recover damages for the breach of the contract, or to give it in evidence to reduce or defeat the recovery, by showing that the part performance of the plaintiff conferred no benefit.
These doctrines, respecting the right to maintain an action for part pei’formance, are so consistent with principle, and commend themselves so strongly to reason and justice, and indeed are so necessary to prevent manifest injustice, that they have become almost of universal adoption in modern decisions, and have been freely extended to building contracts, contracts for work and labor, and the sale and delivery of goods.
This doctrino was recognized to the fullest extent in the case of Oxendoll v. Witheral, 17 English Com. Law, which was an action upon the common counts for 130 bushels of wheat; and the jury found that the contract was entire for 250 bushels.
The learned judge, who presided at the York assizes, was of opinion that even if the contract was entire, as the defendant had not returned the 130 bushels of wheat, and the time for completing *207 the contract had expired before suit was brought, the plaintiff was entitled to recover the value of the 130 bushels which had been delivered and accepted by the defendant. The verdict was entered with liberty to move for a nonsuit, if, in full bench,'the court were of opinion that the plaintiff was not entitled to recover. Brougham accordingly moved. But Tentcrden, C. J., and Bayloy and Parke, Judges, held that the law had been rightly ruled and judgment was entered for the plaintiff.
It was so ruled in Bowker v. Hoyt, 16 Pick. 555, *where a recovery was had for 410 bushels of corn—although the proof was that the 410 bushels of corn h ad been delivered in part performance of an entire contract for 1,000 bushels, and that the defendant demanded a fulfillment of the entire contract. Wilde, J., remarked: “ The defendant accepted the 410 bushels of corn, and promised to settle the account therefor; and if there had been no such promise, the acceptance of the corn was a severance ot the entirety of the contract, and the defendant was bound to pay for the corn so delivered. But the defendant may reduco the plaintiff’s claim- by showing any damage he may have sustained by the plaintiff’s failure to fulfill his contract, and thus substantial justice may be done without subjecting the defendants to the necessity of bringing a cross action.”
This doctrine is recognized in Chitty on Contracts, both in the text and notes, 6th Amercian edition, from 3d London, 430, 446, 479, 743.
The American cases fully sustain it in Massachusetts, Pennsylvania, Yermont, and New Hampshire; and in some of the other states there has been a conflict of decision.
There is a large collection of cases which support the doctrine for which I contend, in a learned and elaborate note to the case of Cutter v. Powell, in 2 Smith’s Leading Cases, 24.
Indeed, it is recognized, both in England and America, both in ancient as well as modern cases, and has become a fixed principle in the text-books, that on a delivery of part of the articles under an entire contract, unless the vendee return the articles so received in part perlormance of the entiro contract, such reception and retention severs the entirety of the contract, and authorizes a recovery upon an implied obligation in law, to the extent of the value of the articles so retained, after the time has elapsed for the *208 performance of the entire contract; up to which time the vendee has the right to rescind and return the articles.
The contrary doctrine is unreasonable and unjust, and fraught with mischief. It enables the vendee, who has ^received a part of the articles, and who perhaps has sustained no injury from the non-delivery of the balance, to retain them without compensation, if the vendor bo unable to deliver the whole. It operates unjustly upon the great class of producers in the country—men who have grain and hay and pork to sell—who oftentimes, at the time of the contract of sale, may not know exactly thé amount they may raise, and yet contract to deliver a given amount. Now if the vendee receives a part, it should be regarded as a waiver of the entirety of the contract. It is in fact a waiver by the act of the vendee. To hold that a vendee may receive and hold articles without compensation, where the value of those received does not depend upon the delivery of the whole, is a violation of all equitable consideration. To say that a man may retain 999 bushels of corn because the odd bushel is lacking on a contract for a 1,000, or that the builder of a house is not to receive compensation because the last nail may not have been driven, or the last door hung, or that the laborer for fifty-nine days shall receive no pay because he has not worked the sixtieth, shocks every man’s sense of justice. I hold such is not the law, and never was the law, and that the mistake has sprung up in misapprehending what was an entire and what a divisible contract.
The distinction which will reconcile most of the cases, and which conforms to strict principle, is, between contracts which are entire and indivisible, and those which are entire, but capable of severance and division. A failure to recognize this distinction has intx-oduced some confusion and conti’adiction into the authox’ities. In the first instance, the contract must bo pex-formed befox’o action can be maintained. In the latter part, performance severing the contract, the law imposes the duty of compensation, and implies an obligation of payment which will support an action, and authoxúzo a recovery to the extent of the benefit received. This distinction is founded in l’oason. If the contract be entire, and incapable of severance, and no part be completed, thei’e is no certain mode of determining the value of the *part performed in reference to the value of the whole; and the law can not imply an obligation to pay a sum certain. If the contx'act embrace the *209 completion of a single thing, that must be done before a right of action accrues. Because, if a man contract to pay an entire sum for the completion of a single thing, the law will not break the-single thing into fractional parts, and compel payment in proportion to its relative value, to a full completion; for, in such case, the part performance is of no value unless the completion takes place, and the law will not presume or compel completion to give value to the fractional performance ; and hence, no suit can be maintained upon it; for it may be that no complete performance ever will take place; and, if not, no benefit 'has been received. But where the contract is entire only in embracing a given number of acts or things, each of which is complete in itsolf and of value, performance to any given number of these distinct and separate things will authorize a recovery to that extent, although all may not have been performed.
The entirety of a contract does not depend upon the words of the contract, but upon the subject matter. If the subject matter is one thing or a mere aggregation of relative parts—although each may be complete in itself, yet of necessary combination ta produce the thing contracted for—the contract is entire and not capable of division. As, for instance, a contract to make a watch: the parts are complete in themselves, but they must be combined to make the watch, and are of no value in their separate form, except as to the material; a?id a recovery could not be had until such contract was complete. But a contract for the sale and delivery of one hundred watches is capable of division—for each watch is of distinct and separate value in itself, and its value is. not increased or diminished from any relation which it bears to the other ninety-nine; and, hence, upon the delivery and acceptance of any .part of the number of watches contracted for, the law will allow a recovery to be had, although the whole number may not have been delivered. True, the vendee *may refuse to accept a part, or he may return the part delivered, and rescind the contract; or on action brought he may give in evidence' any damage he may have sustained by not having the whole delivered, to reduce or defeat the recovery; or he may bring his cross action, but this-has nothing to do with the right to bring an action, for the part delivered or retained. Now to hold that before the delivery of sixty watches, that no suit could be brought for theix *210 value, shocks the moral sense of every man. The vendor may ■not have been able to deliver them; the accidents of trade, unforeseen misfortunes of various kinds, may have prevented it, .apart from mere willful refusal. In such case, every man admits there must be a remedy; but how will it be had upon the principle that such a contract is entire and not capable of division ? It can not be had at law, because the action is upon the contract, •and it is not completed. It can not be had in equity, because the contract is the measure of right, both in law and equity; and contracts must have the same effect in either forum.
But it may be said, and is said, that these circumstances may be averred as an excuse for non-performance, and will authorize a suit, when they exist, for part performance. The objection to this rule is want of certainty; it has no fixed limit, and extends as well to contracts, where the thing is entire, as where it is divisible ; and yet no lawyer would contend that on a contract to make a tub, that the finishing of one stave would authorize a recovery to that extent, although a misfortuneor inevitable accident might prevent its completion. The truth is, there is but one rule which ■can be adopted, that will harmonize with principle, and be of safe and certain practical application, and that is, that where there is ■a contract capable of division, to permit a recovery to be had upon part performance, under the restrictions and limitations I have before mentioned. The rule that a contract which is entire in its words, though not in its subject matter, must be completely performed before suit can be maintained for performance in part, oftentimes *works such gross and manifest injustice that j feel myself safe in saying that it is not the law. It sprung into ■existenee from having more regard to the words than to the sub■stance of the contract, and is rather a phantom of verbal Iogic> than a conclusion of reason from a perception of the true relation ■of things. There is a constant endeavor to escape its operation ■even where it is recognized as binding law, in the broad margin which courts sometimes allow to a jury to do justice in their finding, in opposition to some unreasonable rule, and then refuse a new trial, upon the ground that substantial justice has been ■done. I am wholly opposed to the recognition of a rule which it is oftentimes regarded as a merit to cheat in practice. It renders legal results doubtful, and shakes confidence in judicial proceedings.
*211 It is the glory of the common law, that it possesses the inherent power of conforming to reason. It is a fundamental maxim, that when the reason of the rule ceases, the rule itself ceases, and much more does it possess the power of shaking off an error which has sprung into life from misapprehension. It is the duty of courts to shape the symmetry of the law to the harmony of reason, and, where wrong is the result of a rule, although it has been ■sanctioned by precedent, to examine it closely upon the broad light of principle, and to alter and shape it, or discard it if justice require. It is the boast of the law that it is the perfection of ■reason, hence it is oftentimes more safe to walk by its light, than to hobble upon crutches of precedent. But in the present case I conceive that the rule, for which I contend, has ever been the law, and that lack of discriminating between the nature of contracts entire in words and divisible id substance, has produced the error; and that there is as much weight of authority to support the action on part performance of a contract, entire in words, but divisible in substance, as can be arrayed against it, and that the main current of modern decisions is in its favor; and, thus supported, and backed by reason, I had hoped it would be adopted .as law in Ohio.